# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC., | ) | 1:10cv01349 AWI DLB |
| | ) | |
| | ) | ORDER REMANDING ACTION |
| Plaintiff, | ) | TO STATE COURT |
| | ) | |
| v. | ) | |
| | ) | |
| RACHEL PACRAY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Rachel Pacray ("Defendant"), proceeding pro se, removed this action from the Stanislaus County Superior Court on July 28, 2010.

**DISCUSSION**

Here, Defendant has attempted to remove an action based wholly on state law. The underlying complaint is an unlawful detainer action filed by Plaintiff Aurora Loan Services, LLC., on October 7, 2009, in Stanislaus County Superior Court.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on defendant to demonstrate that removal was

proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S.Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. at 1273.

Defendant has failed to demonstrate that the action arises under federal law. An unlawful detainer action arises under state law and does not involve any federal claims. Although Defendant contends in her notice of removal that this action should be removed based on another action she filed here that allegedly raises a federal question,[1] she is incorrect. Removal must be based on the underlying complaint, which here raises only an issue of state law. Defendant has failed to show that removal is proper and therefore this Court lacks subject matter jurisdiction.

**ORDER**

The Court ORDERS that this action be REMANDED to Stanislaus County Superior Court.

IT IS SO ORDERED.

**Dated: July 30, 2010**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

[1] Defendant references 1:09cv01942 OWW GSA, an action she filed here alleging 22 causes of action, including Violation of the Truth In Lending Act (TILA) and Violation of the Real Estate Settlement Procedures Act. Defendant fails to mention that all of her claims in that action against Aurora Loan Services, LLC, along with her claims against Mortgage Electronic Registration Systems and Shea Mortgage, Inc., were dismissed with prejudice. It is unclear whether the remaining defendant in that action, Chicago Title Company, was properly served with the complaint. Further, the issue of whether Ms. Pacray may maintain any claims against Chicago Title Company will not be addressed here.